UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<span>NTHONY</span> C<span>HANEY</span>,

        Plaintiff,                         Hon. Hala Y. Jarbou

v.                                               Case No. 1:23-CV-1181

D<span>IANA</span> P<span>ATCH</span>,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff initiated this action November 6, 2023, against Diana Patch. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

**ANALYSIS**

      A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint☐s allegations are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges the following. On August 17, 2023, Plaintiff and Defendant Patch were each driving their vehicles when Patch "swerved at" Plaintiff causing him to "stop his vehicle." Patch then began yelling at Plaintiff "accusing him of lying in Court about chopping up cats." After exchanging racially suggestive comments, Patch "got mad and pulled out [a] kitchen knife, pointed the knife at the Plaintiff and

2

said I'm going to kill you f***ing n***er."  Plaintiff reported the incident to the Ottawa County Sheriff's Department and later sought a Personal Protective Order against Patch.  Plaintiff now sues Patch seeking more than $800,000.00 in damages.  Specifically, Plaintiff advances the following causes of action: (1) threatening; (2) road rage; and (3) hate crime.  (ECF No. 1 at PageID.3-5).

Plaintiff has not cited to or identified any statute or similar provision that might suggest the basis for these claims.  Plaintiff, likewise, does not specify whether the causes of action he asserts arise under state or federal law.  The Court fails to discern how the facts alleged by Plaintiff implicate any federal law or constitutional provision.[1]  Rather, Plaintiff's claims clearly arise under state law.  While Plaintiff may assert state law claims in federal court against a citizen of a different state, Plaintiff alleges that he and Patch are both Michigan residents.  Thus, Plaintiff cannot invoke the Court's diversity jurisdiction.  28 U.S.C. § 1332.  Accordingly, the undersigned recommends that this matter be dismissed on subject matter jurisdiction grounds.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed.  For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the

---

[1] Even if Plaintiff's causes of action did implicate federal law, he has failed to allege that Patch is a state actor.  Thus, Plaintiff cannot rely on 42 U.S.C. § 1983 as a basis to assert such claims in this Court.

undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                      Respectfully submitted,

Date: December 1, 2023                    /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge