UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CHANEY,

    Plaintiff,

v.

DIANA PATCH,

    Defendant.
_____/

Case No. 1:23-cv-1181

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff Anthony Chaney brings the following claims against Diana Patch: (1) threatening; (2) road rage; and (3) hate crime. Because Chaney is proceeding in forma pauperis, Magistrate Judge Phillip J. Green reviewed the complaint to determine if it should proceed. On December 1, 2023, the magistrate judge issued a Report and Recommendation (R&R) recommending that the action be dismissed for lack of subject matter jurisdiction (ECF No. 6). Before the Court are Chaney's objections to the R&R and his alternative motion for leave to amend the complaint (ECF No. 7).

<u>Chaney's Objections</u>

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Proper objections require specificity. "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50

F.3d 373, 380 (6th Cir. 1995).  Vague, conclusory objections are insufficient, as are mere restatements of a plaintiff's complaints.  *See id.*  Because Chaney is proceeding pro se, this Court will construe his objections more liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Chaney alleges that on August 17, 2023, while he was in his vehicle, Patch swerved her vehicle towards Chaney.  Patch then began yelling at Chaney, accusing him of "lying in Court about chopping up cats." (Compl. ¶ 7, ECF No. 1.)  As the encounter escalated, Patch allegedly "pulled out [a] kitchen knife," threatened to kill Chaney, and used a racial slur.  (*Id.* ¶ 9.)

The magistrate judge concluded that Chaney's claims "clearly arise under state law." (R&R 3.)  Thus, because both parties are Michigan residents, the R&R recommends that this Court dismiss the case for lack of subject matter jurisdiction.  Chaney objects, arguing that "[t]he [f]actual allegations [are] enough to raise a right for relief above the speculative level[.]"  (Pl.'s Objs. 1.)  He also argues that the "Grand Rapids Federal Court" is the proper court in which to file his claim, and that "if he filed the Complaint in a County Court that it would have to be Ottawa since that is where both parties live."  (*Id.*)

Chaney's arguments do not address the magistrate judge's conclusions.  The magistrate judge did not recommend dismissal based on a failure to state a claim; thus, whether the factual allegations are sufficient "above the speculative level" is immaterial.  Rather, the magistrate judge concluded that the facts as alleged do not implicate a *federal* cause of action.  While Chaney may have been able to bring these state law claims in federal court if Patch was not a resident of Michigan, those are not the facts of this case.  Thus, the Court lacks both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.

Chaney's other argument about the "proper court" implicates venue rather than subject matter jurisdiction. Venue is not at issue here. Instead, the issue is that he cannot bring his claims in federal court. Both of Chaney's objections will be overruled.

Chaney's Motion for Leave to Amend the Complaint

Chaney also asks for leave to amend his complaint. Because he has not yet filed an amended complaint in this action and because the complaint has not yet been served, Chaney could have amended his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). However, he filed an objection to the R&R instead, which this Court will reject.

Chaney has not attached a proposed amended complaint to his motion, as required by local rules. *See* W.D. Mich. LCivR 5.7(f). But even construing his factual allegations liberally, this Court fails to discern any plausible basis for federal jurisdiction. Thus, it appears that any amendment would be futile as it "could not withstand a motion to dismiss" for lack of subject matter jurisdiction. *See Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) (internal quotation marks omitted). Both Chaney's failure to attach a proposed amended complaint and this Court's conclusion that any amendment would be futile warrant denial.

Accordingly,

**IT IS ORDERED** that the report and recommendation ("R&R") of the magistrate judge (ECF No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend the complaint (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

A judgment will enter consistent with this order.

Dated: December 21, 2023  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE